**ERNST v. JEWEL TEA CO., Inc. et al.**

No. 51 C 626.

United States District Court
N. D. Illinois, Eastern Division.

Nov. 21, 1952.

Philip Carey and John J. Kennelly, Chicago, Ill., for plaintiff.

Hubbard, Hubbard & Dorgan, Chicago, Ill., for defendant.

PERRY, District Judge.

The above cause was tried without a jury, the same having been waived at the time the case came on for the trial and by agreement of both counsel and for the stated reason that the plaintiff's health was in such condition that it was deemed by all the parties that her appearance in court might be injurious to her health and well being. The Court considered the waiver of the jury under all the facts and circumstances as then existed.

Upon the trial there was a finding for the plaintiff and judgment against the defendant in the amount of $35,000, which judgment was appealed to the United States Court of Appeals and by said Court of Appeals reversed and remanded, 7 Cir., 197 F.2d 881, 885. The exact language of that Court was as follows: "The judgment of the District Court is reversed and the cause is remanded for further proceedings consistent with this opinion."

Pursuant to the decision of the United States Court of Appeals a mandate was duly filed with the Clerk of this Court and the matter has come on for hearing upon the motion of the plaintiff, to set said cause for. trial by jury and objections to said motion by the defendant; upon a motion by defendants to enter a judgment pursuant to the mandate; and upon a further motion by the defendant to enter findings of fact and conclusions of law and judgment pursuant to proposed findings of fact and conclusions of law submitted in writing to the Court by and in favor of the defendant.

■ The Court having heard the arguments of counsel and considered the mandate and opinion of the United States Court of Appeals is of the opinion that if the intent of the United States Court of Appeals was as defendant contends then the Court would have remanded with directions that either the defendant's motion for directed verdict at the close of plaintiff's case or defendant's motion for directed verdict at the close of all the evidence or the defendant's motion for judgment notwithstanding the verdict be granted. That Court, however, did not choose to do so. It remanded "For further proceedings", which this Court construes to mean as going forward with the case to take further evidence and make new findings of fact and conclusions of law and judgment thereon or to grant a new trial.

■ Inasmuch as this Court has in mind that the defendant failed to comply with Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A., thereby depriving the plaintiff of certain evidence, the Court has a discretion to proceed with the cause either by way of taking additional evidence or by way of granting a whole new trial. It is this Court's view that the United States Court of Appeals in rendering this particular order desired that defendant be compelled to comply with Rule 34 in order to achieve substantial justice. This Court can see no other explanation for the order, particularly in view of the fact that the United States Court of Appeals on the basis of its finding and the record had an oppor-

tunity to remand with specific instructions such as that Court did in the recent case of Merchants Despatch Transportation Corporation v. Dubuque Fire & Marine Insurance Company, 7 Cir., 200 F.2d 348. This Court having heard testimony and having entered judgment in favor of the plaintiff might be charged with bias if additional evidence is offered and another judgment entered in favor of the plaintiff, therefore, this Court feels that substantial justice for plaintiff can be obtained by granting a new trial before another judge.

■ It is the further opinion of this Court that plaintiff in waiving her trial by jury did so under circumstances and conditions then prevailing and having examined the affidavits presented by plaintiff now finds that circumstances and conditions have altered in such manner that if they had existed at the time the jury was waived, the plaintiff might very well have stood on her demand for jury. This Court is of the opinion that if a new trial should take place that the parties should be left in the same position that this Court found them at the time the case was called for trial and before the jury was waived.

Merchants Despatch Transportation v. Dubuque Fire & Marine Insurance Company was a similar case, a trial without jury that went up from the judgment from this very court and this Court's judgment was reversed and the cause remanded with instructions to enter judgment for the plaintiff.

The Court of Appeals has not done so in the instant cause. As this Court views the opinion and the mandate in the instant cause this Court reaches the conclusion that the Court of Appeals intended thereby that further proceeding be had either by way of additional evidence or by way of a new trial.

It is the further view of this Court that substantial justice between the parties will be achieved by the granting of a complete new jury trial rather than by the taking of additional evidence, and that the trial of

the cause should be assigned to the Executive Committee of this Court for re-assignment to be tried by a jury and before another judge.